(63 Misc. Rep. 342.)

### HAAS v. READ.

(Supreme Court, Appellate Term. May 27, 1909.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW OF DECISIONS—EVIDENCE.
    The Appellate Term, on reviewing a judgment of the Municipal Court, must disregard testimony to which exceptions were well taken.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. PHYSICIANS AND SURGEONS (§ 23*)—ACTION FOR SERVICES.
    Where in an action by physician for services in attending a child of the defendant, the evidence showed that the attendance was as a family physician and not as a specialist in children's diseases, and that he had previously treated defendant, and had made one visit for that purpose, for which he had charged, and had been paid, $4, the recovery for the visits in treating the child should be limited to $4 per visit.
    [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 52; Dec. Dig. § 23.*]

3. COSTS (§ 32*)—COSTS IN MUNICIPAL COURT—STATUTES.
    Under Municipal Court Act (Laws 1902, p. 1585, c. 580) § 332, providing that no costs shall be allowed to the prevailing party unless his pleading is verified or he has filed a written notice of appearance, plaintiff, prevailing, was entitled to costs, though the pleadings were oral and no written appearance was filed by either party, where the record showed the filing and service of a bill of particulars, signed by plaintiff's attorney, whose general appearance was recognized by defendant's attorney and the court.
    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Sidney V. Haas against Edward E. Read. From a judgment for plaintiff, rendered in the Municipal Court, defendant appeals. Modified and affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Forster, Hotaling & Klenke, for appellant.

Franc, Neuman & Newgass, for respondent.

PER CURIAM. Plaintiff sued to recover $300 for services as a physician rendered between October, 1907, and January, 1908. He resided next door to the defendant, whose wife and child he concededly attended until dismissed by the calling in of another physician. He sent his bill for $300. Defendant retained it. Three months thereafter, plaintiff insisting upon its payment, defendant refused on the ground that it was exorbitant.

On the trial plaintiff testified to 57 visits, of the value of $5 each. Defendant conceded 42 visits, denied any others, and claimed the value of those made to be $2 or $3 each. He placed in evidence a bill rendered to him by plaintiff for one visit, made in April, 1907, in attendance upon Mrs. Read, for which he charged and was paid $4. Defendant's proofs as to the number of visits lacked probative force, while plaintiff was corroborated by written memoranda made at the time of each visit. Plaintiff called Dr. Holt, a specialist in children's diseases, with whom he consulted twice while attending defendant's child, to prove the value of plaintiff's services at $5 per visit; but the exceptions to that testimony were well taken, and it must therefore be disregarded. Defendant offered no evidence of other physicians as to said value, so that plaintiff's testimony on that subject stands practically unchallenged. It may be assumed from the record that plaintiff's attendance was as a family physician, not as a specialist in children's diseases. It would also seem that by his previous charge of $4 he had established with the defendant his fee per visit. The trial court found 57 visits were made, at $5 each, and gave judgment for $285. This should be reduced to $228.

The trial court also awarded $24.41 costs, to which appellant objects on the ground that by section 332 of the Municipal Court act (Laws 1902, p. 1585, c. 580) no costs are allowed to the prevailing party unless his pleading is verified, or he has filed a written notice of appearance. The pleadings here are oral, and no written appearance was filed by either party. The record, however, shows the filing and service of a bill of particulars, signed by plaintiff's attorneys, whose general appearance was recognized by defendant's attorneys and by the court, and thus a substantial compliance with that section appears.

The judgment should be modified, by reducing the same to the sum of $252.41, and, as modified, affirmed, without costs of this appeal to either party.