KELLER v. FRIEDMAN.

(Municipal Court of City of New York, Borough of Manhattan, Seventh District.   November 14, 1912.   On Rehearing, December 6, 1912.)

1. MOTIONS (§ 39*)—REARGUMENT.

Where the granting of a motion was due to a misunderstanding of the facts of a prior case believed to have decided the same question, a reargument of the motion will be granted.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 48;  Dec. Dig. § 39.*]

2. COSTS (§ 32*)—MUNICIPAL COURTS—ADJOURNMENT OF ATTORNEYS.

Under Municipal Court Act (Laws 1902, c. 580) § 332, providing that no costs shall be allowed to the prevailing party unless his pleading is verified or he has filed a written notice of appearance, and Municipal Court rule providing that the indorsement of the name and address of the attorney on the summons, pleading, or other paper shall be deemed an appearance within the meaning of section 332, the prevailing party is not entitled to costs, where neither party filed a written notice of appearance, though several stipulations for adjournment signed by the attorneys for the respective parties are on file, but do not contain the addresses of the attorneys, and such addresses do not appear on any other papers in the action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132;  Dec. Dig. § 32.*]

Action by Joseph Keller against Edward Friedman.  On motion for reargument of a motion for a retaxation of costs.  Motion for reargument granted.

Neither the plaintiff nor the defendant filed a written notice of appearance.   There were, however, on file several stipulations of adjournment signed by the attorneys for the respective parties.   These stipulations did not contain the address of the attorneys, nor were there any other papers in the action containing the address.

The case was tried before a jury on November 6, 1912, and a verdict rendered for the defendant.  The clerk refused to tax costs in favor of the prevailing party. · The defendant then made a motion for retaxation of costs, which was granted on the authority of Haas v. Read, 63 Misc. Rep. 342, 117 N. Y. Supp. 106, and the costs were taxed at $30.  Then plaintiff obtained an order to show cause why a reargument of said motion should not be granted.

Grauer & Rathkopf, of New York City, for plaintiff.
Sykes, McCole & Potter, for defendant.

DAVIES, J.   Motion to direct clerk to tax costs for defendant, after trial of issue before court and jury and a verdict in favor of defendant.   Plaintiff contends that inasmuch as the action was upon oral pleadings, and no formal notice of appearance was filed by the defendant, under section 332 of the Municipal Court Act, of course, costs cannot be allowed to the prevailing party.   Plaintiff contends thus under subdivision D, rule 2, of the Municipal Court Act, which reads:

"The indorsement of the name and address of the attorney on the summons, pleading or any other paper in the action or proceeding, shall be deemed an appearance herein under section 332 of the Municipal Court Act"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

—and the construction placed upon it by the Appellate Term in the case of Haas v. Read, 63 Misc. Rep. 343, 117 N. Y. Supp. 106, wherein it was stated:

"The pleadings here are oral, and no written appearance was filed by either party. The record, however, shows the filing and service of a bill of particulars, signed by the plaintiff's attorneys, whose general appearance was recognized by defendants' attorneys and by the court, and thus a substantial compliance with that section appears."

In this case, the record shows the physical appearance of defendant's attorneys upon the trial, besides a stipulation for adjournment, signed by both the plaintiff's attorneys and the defendant's attorney, dated June 3, 1912; a letter dated October 3, 1912, written by defendant's attorney, for Judge Sturges, who had presided at the first trial of the action, and a notation that a copy of this letter was sent to plaintiff's attorneys; a memorandum signed by defendant's attorney, and submitted to the court in September, besides a letter of plaintiff's attorneys addressed to defendant's attorney, *dated November 6th,* and a copy of a letter dated May 23, 1912, sent by defendant's attorneys to plaintiff's attorneys, wherein he stated:

"I represent Mr. Edward Friedman in the case of Keller against him. I desire to remind you that I demanded a bill of particulars on the return day, and I would be pleased to have a copy of any that you may file."

In view of the above authority, which seems to be the latest of those cited, defendant's appearance herein was sufficient to entitle him to costs under section 332 of the Municipal Court Act, and the clerk is therefore directed to tax same.

### On Rehearing.

Reargument of motion upon which order was made allowing costs to defendant when pleadings were oral and no formal notice of appearance was served by either party.

[1] The motion was granted upon the opinion of the court in the case of Haas v. Read, 63 Misc. Rep. 342, 117 N. Y. Supp. 106, wherein the Appellate Term held an allowance of costs to be proper, where, although the pleadings were oral, the bill of particulars had been served to which was subscribed the name of counsel, on the ground that this shows a substantial compliance with section 332 of the Municipal Court rules.

[2] Upon the reargument, the court was enabled to inspect the original judgment roll in the case of Haas v. Read, and it appears from such inspection that not only was the attorney's name subscribed, but also his office address, showing a clear compliance with the Municipal Court rule which reads:

"The indorsement of the name and address of the attorney on the summons, pleading or other paper in an action or proceeding shall be deemed an appearance within the meaning of section 332 of the Municipal Court act."

In view of the fact that in this present case there are no "papers in the action" which contain the address of the attorneys, the case of Haas v. Read is not authority and the reargument must be granted.

Plaintiff's motion for a reargument is therefore granted.